IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LEWES PUBLIC LIBRARY, INC.,
a Delaware non-profit corporation,

    Plaintiff/Counterclaim Defendant,

           v.

NEW COVENANT PRESBYTERIAN
CHURCH, INC., a Delaware non-profit
corporation,

    Defendant/Counterclaim Plaintiff

C.A. No. S19C-08-020 RFS

## ORDER

Submitted: 7/2/2020
Decided: 8/14/2020

Robert G. Gibbs and R. Eric Hacker, Esq., 107 W. Market St., P.O. Box 690, Georgetown, DE 19947, Attorneys for Plaintiff/Counterclaim Defendant.

Daniel A. Griffith, Esq., 405 N. King Street, Suite 500, Wilmington, DE 19801, Attorney for Defendant/Counterclaim Plaintiff.

## I. INTRODUCTION

Plaintiff/Counterclaim Defendant Lewes Public Library, Inc.'s ("the Library") filed a complaint in this Court seeking a declaratory judgment that its rights have vested in a certain parcel of land located in Sussex County, DE. Defendant/Counterclaim Plaintiff New Covenant Presbyterian Church, Inc.'s ("the Church") holds a contingent future interest in the parcel and has filed a counterclaim seeking a judgment that the Library failed to vest its interest and the Church's rights have vested. Both parties have filed motions for summary judgment. This is the Court's decision on those motions.

1

## II. FACTUAL AND PROCEDURAL HISTORY

The parcel at issue is located in Sussex County, Delaware in the Villages of Five Points ("the Property"). On December 31, 2012, the Developer of Five Points ("the Developer") gifted the property to the Library. The deed stated, in relevant part, the following:

> PROVIDED, however, if the Grantee, Lewes Public Library, Inc., accepts the gift, but fails to use the Property for a library facility, within ten (10) years of the recording of this Deed, in that event, title to the Property shall be transferred to a wholly owned subsidiary of The Villages of Five Points Property Owners Association, Inc. ..., which operates as a qualified U.S. Internal Revenue Code § 501(c)(3) organization pursuant to 26 USC § 501(c)(3)....If the Grantee refuses to accept the gift or rejects the gift of the Property and the First Subsequent Grantee does not qualify under 501(c)(3) on the date its executory interest would otherwise vest title in the First Subsequent Grantee, then in that event, title shall vest in New Covenant Presbyterian Church....[1]

To satisfy the conditions, the Property had to be used for a library facility within ten years. On or about June 26, 2016, the Lewes Public Library, Inc. was opened in its new location Lewes at 111 Adams Avenue, a parcel other than that of the Property.

The Library developed a plan to construct a patio containing a book exchange kiosk and two benches at the Property. On March 14, 2019, the Library completed construction of its plan.

In August 2019, following construction of the kiosk, the Library filed a complaint in this Court seeking a declaratory judgment that its title in the Property had vested. The Library named both the Church and the Villages of Five Points Property Owners Association ("the Association") as necessary parties. The Church and the Association hold contingent future interests in the Property. The Church filed its response including a counterclaim seeking a declaratory judgment that the Church rights to the Property have vested.

---

[1] Compl. Ex. 3.

On October 18, 2019, the Association moved for dismissal because it had no subsidiary consistent with the terms of the deed and, therefore, no interest in the Property.[2] On January 3, 2020, the Court granted the Association's motion to dismiss, leaving only the Church and the Library as remaining parties. Both parties now move for summary judgment.

The Library moves for summary judgment arguing it has met both conditions in the deed and therefore its rights in the Property have vested. The Library contends the book kiosk satisfies the requirement of a "library facility." Furthermore, in response to the Church's counterclaim, the Library contends summary judgment is warranted because the Library's interest has vested and, should the Court find the Library's interest has not vested, the Church's counterclaim is not ripe because the Library has ten years to build a library facility after the deed has been recorded and ten years have not past.

The Church opposes the Library's motion, arguing summary judgment is too premature because discovery has not taken place. The Church contends without discovery, the donor's intent is unknown and the Court cannot determine the nature of the intended facility. Additionally, the Church moves for summary judgment on its claim, arguing the Library has not satisfied the conditions and therefore the Property belongs to the Church.

## III. STANDARD OF REVIEW

Under Superior Court Civil Rule 56(c), a party is entitled to summary judgment if the moving party can show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[3] The party moving for summary judgment

---

[2] The deed provided that The Villages of Five Points Property Owners Association, Inc.'s wholly owned subsidiary, if operating as a 501(c)(3) organization, would receive title to the property should the original grantee fail to satisfy the conditions.

[3] Super. Ct. Civ. R. 56(c).

bears the initial burden of showing no material issues of fact are present.[4] When a moving party meets her initial burden of showing that no material issues of fact exist, the burden shifts to the nonmoving party to show that such issues do exist.[5] The facts must be viewed in a light favorable to the non-moving party.[6]

## IV. DISCUSSION

The main issue this Court must resolve is whether the book kiosk constitutes a "library facility" as stated in the deed. The Library contends the gift was accepted and the property was used for a library facility. The Library argues the book kiosk constitutes a "library facility" as stated in the deed. The Church argues the Library did not accept the gift because the Library constructed the library at 111 Adams Avenue, and not the Property. The Church contends the decision to not build the library facility on the Property was a forfeiture of the Library's right in the Property.

Whether the Library rejected the gift is dependent on whether a kiosk is within the term "library facility" as stated in the deed. Additionally, whether the Library's rights have vested is dependent on whether a "library facility" was constructed on the Property.

In accordance with the deed, the Library has ten years from the date of recordation to construct a library facility on the Property. The parties are at odds as to whether the constructed kiosk satisfies the gift's requirement. "The fundamental rule in construing a deed is to ascertain and give effect to the intent of the parties as reflected in the language they selected. If there is no reasonable doubt as to the meaning of the words, the deed is unambiguous and the Court's role is limited to an application of the meaning of the words."[7]

---

[4] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[5] Super. Ct. Civ. R. 56(c).
[6] *Guardian Const. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378, 1381 (Del. Super. Ct. 1990).
[7] *Smith v. Smith*, 622 A.2d 642, 646 (Del. 1993) (citing *Rohner v. Niemann*, 380 A.2d 549, 552 (Del. 1977)).

4

"Library facility" is not defined in the deed; therefore, the Court will look to dictionaries to determine the plain meaning of the term.[8] The parties cite various definitions for "library facility;" however, these definitions could yield different results.[9] When dictionary definitions can be found to support either view, the Court must turn to the intent of the donor.[10]

In *Seaford Golf & Country Club v. E.I. DuPont de Newmours & Co.,* the Court concluded that the term "plant" had no established plain meaning. Because that term is susceptible to either or both of the interpretations being advocated, it was ambiguous.[11] Here, the Library argues the definition supports a finding that the kiosk is a library facility. Moreover, the Library argues the term library may also refer to the institution for the custody or administration of a collection of literary and other media.[12] The Church argues the definition of a library facility does not encompass the kiosk. The Church contends the term "library facility" means an actual library and points to cases in which a "library facility" refers to an actual library. The Court finds the term susceptible to both interpretations.

Discovery has not occurred yet in this case; therefore, it is unclear what the donor intended to constitute a "library facility." Furthermore, even if the Court proceeds with a plain meaning of "library facility," discovery concerning the kiosk has not taken place to allow a determination as to the facility constructed and whether that facility is in accordance with a

---

[8] *Seaford Golf & Country Club v. E.I. duPont de Nemours & Co.,* 925 A.2d 1255, 1261 (Del. 2007) ("Delaware courts look to dictionaries for assistance in determining the plain meaning of terms that are not contractually defined.").

[9] Pl.'s Mot. pp. 18-19, Def.'s Mot. p. 18.

[10] *Seaford Golf & Country Club,* 925 A.2d at 1262.

[11] *Id.*

[12] The Church provides the following definition:
> The term "library facility" includes any public library, any library of an educational institution, organization or society, any museum, any repository of public records and any archives. Def.'s Mot. p. 18.

"library facility." Because discovery has not taken place, the Court finds summary judgment is premature.[13]

The Court will now turn to the Church's counterclaim. The Library also seeks summary judgment regarding the Church's counterclaim for a declaratory judgment. The deed allows the Library a total of ten years to satisfy the conditions and vest its right to the Property. Ten years have not passed. Should the Court find the Library's rights to the Property have not vested, the Library still has time to satisfy the gift conditions. If the Library does not satisfy the terms within the ten years provided by the deed, the Church can then file and seek a declaratory judgment to its rights. Therefore, the Church's counterclaim is unripe and is dismissed without prejudice.[14] For the same reasons, the Church's motion for summary judgment is denied.

## V. CONCLUSION

Both parties have moved for summary judgment; however, both concede there are issues of material fact. Considering the foregoing, both the Library and Church's motions for summary judgment on the issue of whether the Library's rights to the Property have vested are denied. The Church's counterclaim is dismissed without prejudice.

**IT IS SO ORDERED.**

Richard F. Stokes, Judge

FILED PROTHONOTARY SUSSEX COUNTY 2020 AUG 14 A 11: 13

---

[13] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).
[14] The Court's decision regarding the counterclaim is not on the merits; therefore, the claim is dismissed without prejudice. If the matter becomes ripe in the future, the Church may then seek a declaratory judgment regarding its rights in the Property.

6